## CASEY *a*. BRABASON.

*Supreme Court, Sixth District; Special Term, April*, 1860.

PRINCIPAL AND SURETY.—STATUTE OF FRAUDS.

One who signs a note as if he were a principal-maker, is liable upon it, although in fact he was a mere surety, and the note expresses no consideration.

As respects one who *signs as principal*, the note is not a special promise to answer for the debt of another, within the statute of frauds.

Motion for a new trial.

This action was brought upon a promissory note, in the words and figures following, to wit:

"$200.      On or before two years, we jointly and severally promise to pay to Michael Casey, or his order, the sum of two hundred dollars.   Given under our hands,

"JANUARY 8, 1856.

    (Signed)      "BERNARD McCABE,
                            "Catholic Pastor.
    "CHARLES J. BRABASON."

The defendant alleged in his answer that he signed the note as surety, and without consideration.

The proof showed that the note was given for a debt of McCabe's, and that the defendant signed it as his surety, without receiving any consideration therefor.

The defendant insisted that he was not liable, but the judge held otherwise, and directed the jury to find for the plaintiff; to which decision and direction the defendant excepted.   The jury rendered a verdict in favor of the plaintiff for $229.10.

The action was tried at the Chenango circuit in February, 1860.

Defendant moved for a new trial on a case and exceptions.

The other points in the case need not be stated, as they were not deemed of sufficient importance for examination.

*Wm. H. Hyde*, for plaintiff.

*Horace Packer*, for defendant.

Balcom, J.—The instrument in question is a valid promissory note, although it does not contain the words *for value received*, or any words tantamount to them. (*Edwards on Bills and Promissory Notes*, 56, 78 ; 1 *Cow.*, 2d ed., 163.)

The defendant's counsel does not deny but that McCabe was liable on the note ; but he contends that the defendant is not liable on it, because he signed it as surety, and did not receive any consideration therefor. He insists that the statute of frauds applies to the case, and exempts the defendant from the payment of the note. The statute is, that " every special promise to answer for the debt, default, or miscarriage of another," shall be void, unless the agreement containing such promise, or some note or memorandum thereof expressing the consideration, be in writing, and subscribed by the party to be charged therewith. (2 *Rev. Stat.*, 135, § 2.)

McCabe owed the plaintiff the money mentioned in the note ; and the defendant, though in fact a mere surety, signed the note *as principal*, with McCabe. The note, therefore, was not a special promise by the defendant to answer for the debt, default, or miscarriage of McCabe.

I think the debt, for which the note was given, a sufficient consideration to uphold the note against the defendant as well as McCabe. The note, on its face, is an original undertaking of both of them.

If the defendant had indorsed the note for the accommodation of McCabe, instead of signing it as maker, he would clearly have been liable on it, if it had been duly protested for nonpayment; and I am unable to see why he is not liable on it as maker.

I am of the opinion that the statute of frauds does not apply to the case ; and that the jury were properly directed to find a verdict in favor of the plaintiff for the amount of the note.

The point that the defendant supposed he was only signing his name to the note as a witness when he wrote it, is untenable ; for his answer concedes he signed it as surety.

I think there was no question for the jury upon the evidence ; and that the defendant's motion for a new trial should be denied, with $10 costs.